UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:16-CR-56-GFVT-HAI-5 |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| MEDGITT KOONTZ WOOD, IV, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court, on referral, considers reported supervised release violations by Defendant Medgitt Koontz Wood IV. *See* D.E. 532 at 2. District Judge Van Tatenhove entered a judgment against Defendant on November 27, 2017, following a plea of guilty to a violation of 21 U.S.C. § 846 (conspiracy to distribute 500 grams of more of a mixture or substance containing methamphetamine). D.E. 228. Defendant was originally sentenced to ninety-two months of imprisonment and a five-year term of supervised release. *Id.* at 2–3.

Defendant was released from custody to begin service of his five-year term of supervised release on November 17, 2022. On January 29, 2024, the United States Probation Office ("USPO") issued the Supervised Release Violation Report ("the Report") that initiated these proceedings and secured an arrest warrant on January 29, 2024. Defendant was arrested on February 5, 2024. The Report charges Defendant with one violation stemming from Defendant's arrest by state authorities. Defendant was charged in state court with violating (1) K.R.S. § 218A.1412(1)(b) (Trafficking in Controlled Substances, 1st degree – Greater than Two Grams of Methamphetamine), (2) K.R.S. § 218A.1412(1)(e) (Trafficking in Controlled Substances, 1st

Degree – Less Than 10 Dosage Units of Opiates), (3) K.R.S. § 520.060 (Promoting Contraband, 2nd Degree) (4) K.R.S. § 189.380 (Failure to or Improper Signal), (5) K.R.S. § 218A.210 (Controlled Substance Prescription Not in Original Container, 1st Offense), and (6) K.R.S. § 218A.500(3) (Drug Paraphernalia – Buy/Possess). These charges were brought in Case No. 24-F-31 in Knox County, Kentucky. In addition, Defendant was charged with violating K.R.S. § 514.100 (Unauthorized Use of a Motor Vehicle – 1st offense) in Case No. 24-T-327 in Knox County, Kentucky.

The factual basis for these charges were described as follows in the arresting officer's uniform citation:

> I observed the [Defendant] operating [a] vehicle on Old Lynn Camp School Road, KY 2417. It was known to me that [Defendant] had an active complaint warrant for his arrest out of Knox County. While driving behind [Defendant] I observed [him] fail to utilize turn signal when making a left hand turn onto US 25 E. Upon conducting traffic stop on US 25 E, I placed [Defendant] under arrest for the outstanding warrant and transported him to the Knox County Detention Center. Upon arrival to the detention center, deputy jailers asked [Defendant] if he had anything illegal on his person to which he advised he did not. Upon conducting a body scan of [Defendant, the] deputy jailers located a purple Crown Royal bag containing (2) individually wrapped baggies containing a white crystal substance believed to be methamphetamine, (8) buprenorphine strips not in the proper prescription container, (4) additional plastic baggies with white crystal residue, and a glass pipe with burnt residue. [Defendant] advised me multiple times that he does not use drugs and did not have any illegal narcotics on his person prior to entering the detention center and had numerous opportunities to hand the contraband over before presenting it inside the facility.

The Report alleges a sole violation. Specifically, the violation alleges that Defendant committed a federal, state, or local crime in violation of Mandatory Condition # 1 and that Defendant unlawfully possessed a controlled substance, in violation of Mandatory Condition # 2. *See* 18 U.S.C. § 3583(d) (detailing the mandatory conditions for individuals on supervised release). This is a Grade A violation. On February 5, 2024, the USPO issued a Supervised Release Violation

2

Case: 6:16-cr-00056-GFVT-HAI    Doc #: 543    Filed: 04/25/24    Page: 3 of 10 - Page ID#: 2127


Report Addendum ("the Addendum"), which informed the Court that the charges in Case No. 24-T-327 against Defendant in state court were dismissed.

I.

The Court conducted an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1 on February 6, 2024.  D.E. 535.  During the hearing, Defendant made a knowing, voluntary, and intelligent waiver of his right to a preliminary hearing.  *Id.*  At that time, the United States made an oral motion for detention.  *Id.*  Defendant failed to meet the high standard of Rule 32.1(a)(6).  *Id.*  Based on the heavy defense burden under 18 U.S.C. § 3143(a), the Court found detention was required.  *Id.*

At the final hearing on April 18, 2024, Defendant was afforded all rights under Rule 32.1 and 18 U.S.C. § 3583.  D.E. 542.  Defendant waived a formal hearing and stipulated to the violation set forth in the Report.  *Id.*  The Court found Defendant to be competent to stipulate to the violation and that the stipulation was knowingly, voluntarily, and intelligently made.  *Id.*  The Court also found the stipulation to be consistent with the advice of Defendant's counsel.  *Id.*

Of course, the Court must find "by a preponderance of the evidence that the defendant violated a condition of supervised release."  18 U.S.C. § 3583(e)(3); *see also United States v. Cofield*, 233 F.3d 405, 406 (6th Cir. 2000) ("In order to revoke supervised release, the sentencing court must find by a preponderance of the evidence that a defendant has violated a condition of his supervised release.").  Defendant's stipulation permits the Court to find that he engaged in conduct that is a Grade A violation under the Guidelines.  *See* U.S.S.G. § 7B1.1(a)(1). Specifically, Defendant's admission that he possessed methamphetamine and opiates with the intent to distribute them in violation of K.R.S. § 218A.1412(1) is sufficient for the Court to find that he engaged in conduct amounting to a Grade A violation.

3

The United States argued for revocation with a term of imprisonment of thirty-seven months followed by two years of supervised release. The United States acknowledged that Defendant never tested positive for drugs and that he has "positive potential." But the United States also recognized that Defendant's underlying conviction, on a Grade A felony, was for drug trafficking and Defendant was once again caught trafficking the same type of drug he was previously trafficking, specifically methamphetamine. In the United States's view, that was a severe aggravator. The United States also viewed Defendant's failure to disclose that he had drugs on him before being taken to prison as being an aggravator, due to the dangerousness that comes with drugs being in prison. But the United States viewed the information provided under seal during the hearing as sufficient to counterbalance those aggravators.

Defense counsel argued that revocation accompanied by a term of imprisonment twenty-four months and one-year of supervised release to follow is sufficient but no greater than necessary to address the relevant factors. In doing so, defense counsel relied heavily on the information conveyed in the sealed portion of the hearing to justify that result. Defense counsel also pointed out that this violation was the result of Defendant's relapse as a drug addict and the amount Defendant was caught trafficking was minor. Defense counsel also argued that, in his mid-fifties, Defendant was either going to "get it or not" when he was released from federal prison. In defense counsel's view, that meant that the USPO's resources could be spent more effectively on other defendants, which counseled a shorter period of supervised release.

Defendant allocuted. He expressed regret for his actions and explained that his relapse was a result of his workplace injury to his leg, which he described. He felt disappointed, having relapsed after making so much progress. Defendant felt "stupid" for returning to the drug life. Defendant explained that he "beat himself up over it every day."

4

II.

Under 18 U.S.C. § 3583(e)(3), a defendant's maximum penalty for a supervised release violation hinges on the gravity of the underlying offense of conviction.  Defendant's conviction pursuant to 21 U.S.C. § 846 (conspiracy to distribute 500 grams of more of a mixture or substance containing methamphetamine) is a Class A felony.  *See* 21 U.S.C. § 841(b)(1)(A)(viii); 18 U.S.C. § 3559(a).  For a Class A felony, the maximum revocation sentence provided under 18 U.S.C. § 3583 is five years of imprisonment.  *See* 18 U.S.C. § 3583(e)(3).

The Policy Statements in Chapter 7 of the Guidelines provide advisory imprisonment ranges for revocation premised on Defendant's criminal history (at the time of original sentencing) and the "grade" of the particular violation proven.  *See United States v. Perez-Arellano*, 212 F. App'x 436, 438 (6th Cir. 2007) ("Although the policy statements found in Chapter Seven of the United States Sentencing Guidelines recommend ranges of imprisonment, such statements 'are merely advisory' and need only be considered by the district court before sentence is imposed.") (internal citation omitted).  The Guidelines also instruct that, "[w]here there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade."  U.S.S.G. § 7B1.1(b).

Under U.S.S.G. § 7B1.1(a), Defendant's admitted conduct qualifies as a Grade A violation with respect to the charged violation.  Given Defendant's criminal history category of IV (the category at the time of his conviction in this District) and a Grade A violation, Defendant's range, under the Revocation Table of Chapter 7, is thirty-seven to forty-six months.  *See* U.S.S.G. § 7B1.4(a).  Both parties agreed to this calculation of the range.  Consistent with the guidance of appellate courts, this Court takes the Guidelines-recommended sentence as its starting point and

has remained cognizant of it in forming its recommended revocation sentence.  *E.g.*, *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

Congress does ***mandate*** revocation in a case of this nature.  By statute, the Court must revoke Defendant's release because he possessed a controlled substance.  *See* 18 U.S.C. § 3583(g)(1); *see also United States v. Crace*, 207 F.3d 833, 836 (6th Cir. 2000) (equating use with possession).  The Sixth Circuit clearly and repeatedly has equated drug use with drug possession, and Defendant's admitted use in this context undoubtedly results in application of 18 U.S.C. § 3583(g)(1).  *See United States v. Hancox*, 49 F.3d 223, 224 (6th Cir. 1995); *see also United States v. Metcalf*, 292 F. App'x 447, 449 n.2 (6th Cir. 2008) ("Mandatory revocation was . . . warranted under § 3583(g)(1), as we have held that use of a controlled substance constitutes possession under that subsection.").  The only exception would be if a suitable treatment option, or Defendant's record of involvement in treatment, warranted relief.  *See* 18 U.S.C. § 3583(d); *Crace*, 207 F.3d at 835 (holding district court was "required by 18 U.S.C. § 3583(g) to revoke the defendant's term of supervised release upon the defendant's positive drug test and admission of the use of a controlled substance unless defendant could come under the exception in 18 U.S.C. § 3583(d)").  Nothing in the record supports application of the exception.

The presence of a Grade A violation means that revocation is recommended under the Guidelines. U.S.S.G. § 7B1.3(a)(1) ("Upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.").  Even if revocation were not mandatory, revocation would be appropriate in this case due to the nature of the violation.  Neither side argued for a non-revocation penalty.

III.

The Court has reviewed the entire record, including the Report and its accompanying documents, and Defendant's underlying judgment and sentencing materials. The Court has also considered all of the 18 U.S.C. § 3553(a) factors imported into the § 3583(e) analysis. Through that consideration, the Court recommends that Defendant's supervision be revoked and that he be sentenced to a thirty-month term of imprisonment followed by two years of supervised release.

The Court first addresses the nature and circumstances of the underlying offense. Defendant's underlying offense is very serious. Illegal use of drugs seriously harms the community. Defendant's decision to distribute drugs into the community facilitated that harm. Particularly due to Defendant's violation conduct being almost identical to the conduct giving rise to his initial conviction, this factor strongly supports imposing a longer term of imprisonment.

The Court next considers Defendant's history and characteristics. The information described in the sealed portion of the final hearing relates to Defendant's history and characteristics. That information significantly affects the Court's recommendation, including the Court's recommendation that Defendant receive a downward variance from the Guidelines range. Additionally, the Court recognizes that, before he lost his job, Defendant was on track to successfully reintegrate himself into the community. This fact counsels a marginally less-severe sentence.

The need to deter criminal conduct, both for Defendant and society, and the need to protect the public from further crimes heavily influence the Court's recommended sentence, specifically its recommendation of an additional term of supervision. In particular, a two-year term of supervised release will ensure that Defendant has the support needed to reintegrate himself into the community. This factor also supports a lengthier term of imprisonment in light of Defendant's

choice to traffic methamphetamine and opiates despite knowing how the drug life harms individuals. That choice supports the conclusion that Defendant needs to spend more time in prison to impress upon him the that he must follow the law, as individuals following the law is itself a prerequisite to public safety.

The Court must also consider whether a defendant needs any education, training, or treatment. Here, nothing indicates that Defendant needs any additional education, training, or treatment.

The requirement that the Court seek to avoid unwarranted sentencing disparities among defendants with similar records who are found guilty of similar conduct is most often addressed by a recommended sentence within the Guidelines range. Yet, in this case, the Court believes a sentence outside of the advisory Guidelines range is appropriate. In such a scenario, the Court must provide a "specific reason" for going outside of the Guidelines range. *See United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (requiring that any deviation from the Guidelines range be supported by a specific reason that justifies the extent of the deviation). Here, the information conveyed to the Court during the sealed portion of the final supervised release violation hearing justifies the downward departure from the Guidelines range.

In fashioning its recommended sentence, the Court must take into account whether an additional term of supervised release is warranted. While the Court acknowledges the logic of defense counsel's argument that resources assisting individuals reintegrate into the community could be better spent elsewhere, supervised release is also required to protect the public. Here, two years of supervised release is needed to ensure that the threat Defendant poses to the public is minimized.

Finally, the Guidelines suggest that the ***primary*** wrong in the supervised release context is violation of the Court's trust by an offender; the particular conduct is an important but secondary issue. *See* U.S.S.G. Chp. 7 Pt. A(3)(b) ("[A]t revocation the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator."). Here, Defendant's choice to engage in drug trafficking, regardless of the quantity trafficked, is perhaps one of the most serious breaches of the Court's trust that Defendant could have committed. As such, this breach of trust counsels imposing a lengthy term of imprisonment.

In short, a thirty-month term of imprisonment followed by a two-year term of supervised release is sufficient but no greater than necessary to the 18 U.S.C. § 3553(a) factors that are imported into the § 3583(e) analysis.

IV.

Based on Defendant's admitted conduct, and in consideration of the factors discussed above, the Court **RECOMMENDS**:

(1) That Defendant be found guilty of the violation;

(2) Revocation and imprisonment for a term of thirty months; and

(3) two years of supervised release under the conditions contained in Defendant's prior judgment (D.E. 231 at 3-5).

Defendant's right of allocution under Rule 32.1 is preserved, as reflected in the record. D.E. 542. Any waiver should comport with the Court's standard waiver form, available from the Clerk. Absent waiver, the matter will be placed on District Judge Van Tatenhove's docket upon submission.

9

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. *See also* 18 U.S.C. § 3401(i). As defined by § 636(b)(1), within fourteen days after being served with a copy of this recommended decision, any party may serve and file written objections to any or all portions for consideration, de novo, by the District Court. Failure to make timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 25th day of April, 2024.

Signed By:

Hanly A. Ingram

United States Magistrate Judge